## CHARLES WYMAN *vs.* JOSEPH N. FISKE.

A promissory note given in consideration of money paid by request of the maker to a broker, for losses sustained in stock-jobbing transactions negotiated by the latter for the former, in violation of the statute, is valid; and money paid for losses in stock-jobbing transactions cannot be recovered back.

The burden of proof is upon the maker of a promissory note who resists payment on the ground that the consideration was illegal, to establish the illegality.

CONTRACT against a broker to recover the balance due upon a large number of transactions in buying and selling stocks for the plaintiff. At the trial in this court, before *Hoar*, J., a verdict was returned for the defendant, and the plaintiff alleged exceptions. The facts are stated in the opinion.

No counsel appeared for the plaintiff.

*A. H. Fiske*, for the defendant.

CHAPMAN, J. The plaintiff's account annexed to his writ, and the defendant's account filed in set-off, have been examined by an auditor, who reports a balance of $4787.32 due to the defendant. The plaintiff objects to several of the items in the account stated by the auditor.

1. The auditor credits the defendant with a note of $1724.28. In respect to this item it was proved that one Wheelock, a broker, contracted to sell on time, for the plaintiff, certain stocks which he did not own, and of which he had not the control; that Wheelock purchased other stocks in order to fulfil this contract; that this transaction resulted in a loss of $1724.28, and that the defendant, knowing the facts, paid this sum to Wheelock for the plaintiff, and took this note therefor. The plaintiff contended before the auditor that this transaction was

within *St.* 1836, *c.* 279, which is reënacted in Gen. Sts. *c.* 105, § 6, against stock-jobbing. It provides, in substance, that all contracts for the sale or transfer of stock shall be absolutely void unless the party contracting to sell or transfer is, at the time of making the contract, the owner or assignee of the stocks, or authorized by the owner or assignee or his agent to make the sale. But it does not make the act penal, and does not, like the statutes of England and New York on the same subject, provide that any money paid on such a contract may be recovered back. It merely denies to the parties all legal aid in enforcing such contracts ; and this places them on similar ground with oral agreements that are within the statute of frauds. It is not criminal to make them ; they are merely deprived of legal validity.

It is clear that the plaintiff's contract, which he made through his broker, Wheelock, was within the statute. It is not necessary to decide whether Wheelock could have compelled the plaintiff to refund the money which he had advanced for the plaintiff to enable him to make good his losses ; for if the plaintiff chose to reimburse him, he had a legal right to do so. The payment would at least be legal as a gift ; and the plaintiff, having a legal right to make this voluntary payment, had a right to procure a third person to make it, and such payment would be a valid consideration for a note. The note in question has such a consideration, and is therefore valid, and the auditor properly allowed it.

2. The auditor credits the defendant with a note of $1649.03. In respect to this item, it was proved that the defendant, by direction of the plaintiff, bought five hundred shares of the stock of the Vermont Central Railroad Company, and, by direction of the plaintiff, afterwards sold the same for a less price, and took the plaintiff's note for $1649.03, that being the amount of the difference and commissions. There was no evidence that the seller had the stock, or was authorized to sell it, at the date of the contract of purchase. This item was properly credited to the defendant by the auditor ; for the burden was on the plaintiff to prove that the transaction was within the statute, and the above evidence does not establish the fact. It does not

appear affirmatively that the seller had not the stock, or was not authorized to sell it. The doctrine that a contract is presumed to be legal till the contrary is proved is too well established to require the citation of authorities.

3. The auditor credits the defendant with a note of $3653.53. In respect to this note it was proved that the defendant, at the plaintiff's request, contracted to sell for him, on time, certain stocks which he did not own, and of which he had not the control; that the defendant purchased stocks to fulfil this contract; that this transaction resulted in a loss; that in settlement of this transaction the plaintiff was charged with the difference which the defendant had paid, and with commissions $162.50, and with the same commissions on the purchase; that, with the plaintiff's consent, the defendant applied to the payment of these charges the sum of $600, which the plaintiff had before deposited with him on general account; also the sum of $2594.72, the difference in the plaintiff's favor on a purchase and sale of stocks which the defendant had before made as his agent, and in discharge of the balance took the note in question.

The plaintiff contended before the auditor that this note was void, and therefore ought not to have been credited, and also that the defendant ought to have been charged with the above sums of $600 and $2594.72. As to these two sums, the appropriation of them by the defendant's consent was equivalent to a voluntary payment. Money thus paid cannot be recovered back either at common law or by the provisions of the statute. The validity of the note need not be considered, as its amount is less than the balance found due to the defendant, and his counsel consents to remit the whole balance, and take judgment for costs only.  *Judgment for the defendant, for costs.*